IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| CELLSPIN SOFT, INC., <br><br> Plaintiff, <br><br> v. <br><br> PANASONIC CORPORATION, PANASONIC HOLDINGS CORPORATION and PANASONIC CORPORATION OF NORTH AMERICA, <br><br> Defendant. | Case No. 2:23-cv-227 <br><br> **ORIGINAL COMPLAINT FOR INFRINGEMENT OF U.S. PATENT NOS. 8,756,336; 8,862,757; 8,898,260; 9,900,766; 10,425,806; 11,234,121** <br><br> **DEMAND FOR JURY TRIAL** |



Panasonic LUMIX S5 Full Frame Mirrorless Camera, 4K 60P Video Recording with Flip Screen & WiFi, L-Mount, 5-Axis Dual I.S, DC-S5BODY (Black)
Visit the Panasonic Store
★★★★★  217 ratings | 61 answered questions

Deal
-25% $1,497⁹⁹
List Price: $1,997.99

$668.73 Shipping & Import Fees Deposit to India Details
Available at a lower price from other sellers that may not offer free Prime shipping.

Source: https://www.amazon.com/Panasonic-Mirrorless-Recording-L-Mount-DC-S5BODY/dp/B08FF55MV4?th=1

## NATURE OF THE ACTION

1. This is a patent infringement action to stop Panasonic's infringement of United States Patent Numbers 8,756,336; 8,862,757; 8,898,260; 9,900,766; 10,425,806; and 11,234,121) (collectively, the "patents-in-suit").

## THE PARTIES

2.  Plaintiff, Cellspin Soft, Inc. ("Cellspin"), is a corporation with an office and place business at 2784 Homestead Rd PMB 116, Santa Clara, CA 95051.

3.  On information and belief, Defendant Panasonic Corporation is a corporation organized and existing under the laws of Japan, with a principal place of business at 1006, Oaza Kadoma, Kadoma-shi, Osaka 571-8501, Japan.

4.  Panasonic Holdings Corporation is a corporation organized and existing under the laws of Japan, with its principal place of business located at 1006, Oaza Kadoma, Kadoma-shi, Osaka 571-8501, Japan.

5.  On information and belief, Panasonic Corporation and Panasonic Holdings Corporation may be served through the subsidiary Panasonic Corporation of North America. On information and belief, Panasonic Corp. does business in Texas and in the Eastern District of Texas, directly or through its subsidiaries.

6.  On information and belief, Defendant Panasonic Corporation of North America is a corporation organized and existing under the laws of New Jersey and headquartered at One Panasonic Way, Secaucus, New Jersey 07094. On information and belief, Panasonic Corporation of North America does business in Texas and in the Eastern District of Texas, directly or through its subsidiaries.

7.  Upon information and belief, Defendants Panasonic Corporation and Panasonic Corporation of North America (collectively "Panasonic"), directly or through their subsidiaries, operate a location at 3461 Plano Pkwy, The Colony, TX 75056 in Denton County.

## JURISDICTION AND VENUE

8.  This action arises under the patent laws of the United States, 35 U.S.C. § 1 et seq., including 35 U.S.C. §§ 271, 281, 283, and 284. This Court has subject matter jurisdiction over this case for patent infringement, including pursuant to 28 U.S.C. §§ 1331 and 1338(a).

ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

9.  Plaintiff is the assignee of the Patents-in-Suit with all right, title and interest to bring the claims herein comprising those for past and present infringement, including to recover damages therefor.

10. The Court has personal jurisdiction over Panasonic. At a minimum, Panasonic has minimum contacts with the State of Texas.

11. Panasonic has purposefully availed itself of the privileges of conducting business in the State of Texas, as evidenced by having a Texas Taxpayer Number 13627868469.

12. Panasonic Corporation of North America can be served in the state of Texas through its Registered Agent, CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, TX 75201-3136.



**Figure 1 - East District of Texas Panasonic Location.**

13. Panasonic Corporation can be served in the state of Texas through its subsidiary Panasonic Corporation of North America, and its Registered Agent, CT

**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

Corporation System, 1999 Bryan St., Ste. 900, Dallas, TX 75201-3136.

14. Plaintiff's cause of action arises directly from Panasonic's business contacts and other activities in the State of Texas, including at least by virtue of Panasonic's infringing methods and products, which are at least practiced, made, used, offered for sale, and sold in the State of Texas. Panasonic is subject to this Court's specific and general personal jurisdiction, pursuant to due process and the Texas Long Arm Statute, due at least to its continuous and systematic business contacts in Texas, like having employees in this District.



**Figure 2 - Panasonic Job Posting in the Eastern District of Texas.**

15. Further, on information and belief, Panasonic is subject to the Court's specific jurisdiction, including because Panasonic has committed patent infringement in the State of Texas, including as detailed herein. In addition, Panasonic induces infringement of the patents-in-suit by customers and/or infringing users located in Texas. Further Panasonic regularly conducts and/or solicits business, engages in other persistent courses of conduct, and/or derives

**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

substantial revenue from goods and services provided to persons and/or entities in Texas.

16. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400(b), including because Panasonic has at least one regular and established place of business in this District and in Texas, and at least some of its infringement of the patent-in-suit occurs in this District and in Texas.

## PATENTS-IN-SUIT

17. "Patents are presumed valid, and each patent claim is 'presumed valid independently of the validity of other claims.'" *Kowa Co., Ltd. v. Amneal Pharms.*, LLC, No. 14-CV-2758 (PAC), 2017 WL 10667089, at *6 (S.D.N.Y. Sept. 19, 2017) (*citing* 35 U.S.C. § 282) *aff'd*, 745 F. Appx 168 (Fed. Cir. 2018).

18. "Patent examiners are owed deference and are 'presumed to have considered' prior art references listed on the face of a patent." *Id.* (*citing Shire, LLC v. Amneal Pharm., LLC*, 802 F.3d 1301, 1307 (Fed. Cir. 2015)). Defendants "have the added burden of overcoming the deference that is due to a qualified government agency presumed to have properly done its job, which includes one or more examiners who are assumed to have some expertise in interpreting the references and to be familiar from their work with the level of skill in the art and whose duty it is to issue only valid patents." *Id.* (*quoting PowerOasis, Inc. v. T-Mobile USA*, Inc., 522 F.3d 1299, 1304 (Fed. Cir. 2008)).

19. By operation of law, the Patents-in-Suit originally issued and exclusively vested to Cellspin Soft, Inc. as of the issue date of the Patents-in-Suit. *See* 35 U.S.C. § 261; *Schwendimann v. Arkwright Advanced Coating, Inc.*, 959 F.3d 1065, 1072 (Fed. Cir. 2020); *Suppes v. Katti*, 710 Fed. Appx. 883, 887 (Fed. Cir. 2017); *Taylor v. Taylor Made Plastics, Inc.*, 565 Fed. Appx. 888, 889 (Fed. Cir. 2014).

20. A variety of well-known companies and a multitude of USPTO examiners have cited the Patents-in-Suit in the prosecution of these companies' patent

applications including, Samsung, Nokia, Citrix Systems, Amazon Technologies, Microsoft, and Google.[1] This shows the importance of the technology to leading technology providers.

21. The USPTO Examiners did thorough search for prior art looking into at least these twelve (12) recorded classifications:

a. "H04N1/00307 Connection or combination of a still picture apparatus with another apparatus, *e.g.* for storage, processing or transmission of still picture signals or of information associated with a still picture with a telecommunication apparatus, *e.g.* a switched network of teleprinters for the distribution of text-based information, a selective call terminal with a mobile telephone apparatus;"

b. "G06F3/005 Input arrangements through a video camera;"

c. "H04L67/04 Protocols specially adapted for terminals or networks with limited capabilities; specially adapted for terminal portability;"

d. "H04N1/00103 Systems or arrangements for the transmission of the picture signal specially adapted for radio transmission, *e.g.* via satellites;"

e. "H04N1/00103 - Systems or arrangements for the transmission of the picture signal specially adapted for radio transmission, *e.g.* via satellites;"

f. "H04N1/00 - Scanning, transmission or reproduction of documents or the like, e.g. facsimile transmission; Details thereof;"

g. "H04N1/00095 - Systems or arrangements for the transmission of the picture signal;"

h. "H04N1/00106 - Systems or arrangements for the transmission of the picture signal specially adapted for radio transmission, *e.g.* via

---

[1] *See https://patents.google.com/patent/US8756336B2/en?oq=8%2c756%2c336+,* as last visited on May 16, 2023.

**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

satellites using land mobile radio networks, e.g. mobile telephone;"

i. "H04N1/00108 - Systems or arrangements for the transmission of the picture signal specially adapted for radio transmission, *e.g.* via satellites of digital signals;"

j. "H04N1/00127 Connection or combination of a still picture apparatus with another apparatus, e.g. for storage, processing or transmission of still picture signals or of information associated with a still picture;"

k. "H04N1/00204 Connection or combination of a still picture apparatus with another apparatus, *e.g.* for storage, processing or transmission of still picture signals or of information associated with a still picture with a digital computer or a digital computer system, *e.g.* an internet server;"

l. "H04N21/4223 Cameras;"

m. "H04N21/6131 Network physical structure; Signal processing specially adapted to the downstream path of the transmission network involving transmission via a mobile phone network;"

n. "H04W4/02 Services making use of location information;"

o. "H04W4/023 Services making use of location information using mutual or relative location information between multiple location based services [LBS] targets or of distance thresholds;"

p. "H04W4/21 Services signaling; Auxiliary data signaling, *i.e.* transmitting data via a non-traffic channel for social networking applications;"

q. "H04W4/80 Services using short range communication*, e.g.* near-field communication [NFC], radio-frequency identification [RFID] or low energy communication;" and

r. "H04N2201/0084 Digital still cameras."

**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

**Infringement Read No. 1 for Panasonic Accused Instrumentalities for**

**Patent Nos. 9,900,766; 10,425,806; 11,234,121**

22.Panasonic infringes, and/or induces others to infringe, the asserted patent
claims with its "Accused Instrumentalities" that include Lumix S5 that has been
used as an exemplary infringing product in the attached 6 (six) infringement
charts, in addition to Panasonic/Lumix's: S1H, S1R, S1, S5M2, S5M2X, G100,
BS1H, BGH1, GH5M2, GH6, DC-G90, G91, G95, DC-GX9, GF10, GH5S, G9,
GH5, GF9, GX800, GX850, DMC-G80, G81, G85, GX80, GX85, DMC-GF8,
GX8, G7, G70, DMC-GF7, GM5, GM1S, GH4, DMC-GM1, GX7, G6, GF6, DC-
TZ95, TZ96, TZ97, ZS80, DC-FZ1000M2, FZ10002, LX100M2, FT7, TS7, DC-
TZ200, TZ202, TZ220, ZS200, ZS220, TZ90, TZ91, TZ92, TZ93, ZS70, DC-
FZ80, FZ82,DMC-FZ2000, FZ2500, LX9, LX10, LX15, DMC-TZ100, TZ101,
TZ110, ZS100, ZS110,TZ80, TZ81, ZS60, FZ300, FZ330, DMC-FT6, TS6,
TZ70, TZ71, TZ57, TZ58, ZS45, ZS50, SZ10, LX100, FZ1000, TZ55, TZ56,
ZS35, DMC-TZ60, TZ61, ZS40, SZ8, LF1, DMC-TZ40, TZ41, TZ37, ZS30,
ZS27, FT5, TS5, SZ9, HC-WXF1, WXF1M, VXF1, VXF11, VX1, VX11, HC-
WXF995, WXF995M, VXF995, VX985, VX985M, HC-WXF990, WXF991,
WXF990M, VXF990, VXF999, VX980, VX981, VX989, VX980M, HC-WX970,
WX979, WX970M, VX870, VX878, VX870M, HC-V800, V808, HC-W585,
W585M, V785, V385, HC-W580, W580M, V380, HC-V770, V777, V770M,
W570, W570M, V270, W850, W858, W850M, V750, V757, V750M, V550,
V550M, V250, HC-X920, X929, X920M, V520, V520M, V720, V727, V720M,
V727M,HX-A1M, A1H, A500, A100, HX-WA30, HC-X1000 and any other
camera product compatible with the Image App (iOS), and Image App (Android),
PicMate App, Lumix Club and Lumix Sync App as well as variants and versions
of these products that have same functionality. The asserted patent claims with its

**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

"Accused Instrumentalities" also include Panasonic Image App (iOS), and Panasonic Image App (Android), PicMate App, Lumix Club and Lumix Sync App as well as variants and versions of these products that have same functionality. Lumix S5 working in conjunction with Panasonic Image App, has been used as an exemplary infringing product in the attached 6 (six) infringement charts. The presently charted exemplary infringing product is representative for purposes of illustrating infringement of the other products.

### Infringement Read No. 2 for Panasonic Accused Instrumentalities for Patent Nos. 8,756,336; 8,862,757; 8,898,260

23. Panasonic infringes, and/or induces others to infringe, the asserted patent claims with its "Accused Instrumentalities" that include Panasonic Image App (iOS), and Panasonic Image App (Android), PicMate App, Lumix Club and Lumix Sync App as well as versions of these products that have same functionality.

24. Image App, Lumix Club and Lumix Sync App have been used as an exemplary infringing product in the attached 6 (six) infringement charts. The presently charted exemplary infringing product is representative for purposes of illustrating infringement of the other products.

### COUNT I – INFRINGEMENT OF U.S. PATENT NO. 11,234,121

25. Plaintiff refers to and incorporates herein the allegations in the above paragraphs.

26. United States Patent No. 11,234,121 (the "'121 Patent") was duly and legally issued by the USPTO after a full and examination presumed to be thorough.

27. Panasonic makes, uses, offers for sale, and/or sells, and/or induces others to use, the claimed methods of the '121 Patent.

28. Panasonic has infringed, and is now infringing, the '121 Patent, including

**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

at least claim 1, in this judicial district, and elsewhere, in violation of 35 U.S.C. § 271. *See* **Exhibit 1 – U.S. 11,234,121 Patent Infringement Charts.**

29. Panasonic has practiced the accused methods of the '121 patent at least through Panasonic's efforts to test, demonstrate, and otherwise use the Accused Instrumentalities.

30. Additionally, or in the alternative, Panasonic has infringed, and now infringing, the '121 Patent in this judicial district, including by jointly with its end users and/or customers, by and through the use of the Accused Instrumentalities. Panasonic's infringement comprises joint performance of the claimed methods by Panasonic and/or its member. Further, Panasonic conditions receipt of the benefits of the use of the patented technology.

31. Panasonic has had notice of the '121 patent through at least one prior lawsuit Panasonic had with Cellspin.

32. In or about 2008, Cellspin and Panasonic had discussions about the technology at issue in '121 patent. Panasonic refused to sign an NDA with Cellspin's CEO, who met with Panasonic's agents about the then pending patent application technology, notwithstanding the NDA knowing he had patent protection guaranteed (if and when) the USPTO ultimately issued the '121 patent. Panasonic listened to Cellspin's pitch but did not enter into any agreement going forward with Cellspin. Then, Panasonic implemented Cellspin's technology (now patented) without first obtaining a license from Cellspin.

33. To the extent Panasonic continues, and has continued, its infringing activities noted above in an infringing manner post-notice of the '121 patent, such infringement is necessarily willful and deliberate. Plaintiff believes and contends that Panasonic's continuance of its clear and inexcusable infringement of the '121 patent post notice is willful, wanton, malicious, bad-faith, deliberate, and/or consciously wrongful.

34. On account of the foregoing, Plaintiff contends such activities by

**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

Panasonic qualify this as an egregious case of misconduct beyond typical infringement, entitling Plaintiff to enhanced damages. Including based on the foregoing, Plaintiff hereby respectfully requests an award of enhanced damages, including treble damages, pursuant to 35 U.S.C. § 285 and 28 U.S.C. § 1927.

35. Each of Panasonic's aforesaid activities have been without authority and/or license from Plaintiff.

## COUNT II – INFRINGEMENT OF U.S. PATENT NO. 10,425,806

36. Plaintiff refers to and incorporates herein the allegations in the above paragraphs.

37. United States Patent No. 10,425,806 (the "'806 Patent") was duly and legally issued by the USPTO after a full and examination presumed to be thorough.

38. Panasonic makes, uses, offers for sale, and/or sells, and/or induces others to use, the claimed methods of the '806 Patent.

39. Panasonic has infringed, and is now infringing, the '806 Patent, including at least claim 1, in this judicial district, and elsewhere, in violation of 35 U.S.C. § 271. *See* **Exhibit 2 – U.S. 10,425,806 Patent Infringement Charts.**

40. Panasonic has practiced the accused methods of the '806 patent at least through Panasonic's efforts to test, demonstrate, and otherwise use the Accused Instrumentalities.

41. Additionally, or in the alternative, Panasonic has infringed, and now infringing, the '806 Patent in this judicial district, including by jointly with its end users and/or customers, by and through the use of the Accused Instrumentalities. Panasonic's infringement comprises joint performance of the claimed methods by Panasonic and/or its member. Further, Panasonic conditions receipt of the benefits of the use of the patented technology.

42. Panasonic has had notice of the '806 patent through at least one prior lawsuit Panasonic had with Cellspin.

**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

43. In or about 2008, Cellspin and Panasonic had discussions about the technology at issue in '806 patent. Panasonic refused to sign an NDA with Cellspin's CEO, who met with Panasonic's agents about the then pending patent application technology, notwithstanding the NDA knowing he had patent protection guaranteed (if and when) the USPTO ultimately issued the '806 patent. Panasonic listened to Cellspin's pitch but did not enter into any agreement going forward with Cellspin. Then, Panasonic implemented Cellspin's technology (now patented) without first obtaining a license from Cellspin.

44. To the extent Panasonic continues, and has continued, its infringing activities noted above in an infringing manner post-notice of the '806 patent, such infringement is necessarily willful and deliberate. Plaintiff believes and contends that Panasonic's continuance of its clear and inexcusable infringement of the '806 patent post notice is willful, wanton, malicious, bad-faith, deliberate, and/or consciously wrongful.

45. On account of the foregoing, Plaintiff contends such activities by Panasonic qualify this as an egregious case of misconduct beyond typical infringement, entitling Plaintiff to enhanced damages. Including based on the foregoing, Plaintiff hereby respectfully requests an award of enhanced damages, including treble damages, pursuant to 35 U.S.C. § 285 and 28 U.S.C. § 1927.

46. Each of Panasonic's aforesaid activities have been without authority and/or license from Plaintiff.

### COUNT III – INFRINGEMENT OF U.S. PATENT NO. 9,900,766

47. Plaintiff refers to and incorporates herein the allegations in the above paragraphs.

48. United States Patent No. 9,900,766 (the "'766 Patent") was duly and legally issued by the USPTO after a full and examination presumed to be thorough.

49. Panasonic makes, uses, offers for sale, and/or sells, and/or induces others to use, the claimed methods of the '766 Patent.

**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

50. Panasonic has infringed, and is now infringing, the '766 Patent, including at least claim 1, in this judicial district, and elsewhere, in violation of 35 U.S.C. § 271. *See* **Exhibit 3– U.S. 9,900,766 Patent Infringement Charts.**

51. Panasonic has practiced the accused methods of the '766 patent at least through Panasonic's efforts to test, demonstrate, and otherwise use the Accused Instrumentalities.

52. Additionally, or in the alternative, Panasonic has infringed, and now infringing, the '766 Patent in this judicial district, including by jointly with its end users and/or customers, by and through the use of the Accused Instrumentalities. Panasonic's infringement comprises joint performance of the claimed methods by Panasonic and/or its member. Further, Panasonic conditions receipt of the benefits of the use of the patented technology.

53. Panasonic has had notice of the '766 patent through at least one prior lawsuit Panasonic had with Cellspin.

54. In or about 2008, Cellspin and Panasonic had discussions about the technology at issue in '766 patent. Panasonic refused to sign an NDA with Cellspin's CEO, who met with Panasonic's agents about the then pending patent application technology, notwithstanding the NDA knowing he had patent protection guaranteed (if and when) the USPTO ultimately issued the '766 patent. Panasonic listened to Cellspin's pitch but did not enter into any agreement going forward with Cellspin. Then, Panasonic implemented Cellspin's technology (now patented) without first obtaining a license from Cellspin.

55. To the extent Panasonic continues, and has continued, its infringing activities noted above in an infringing manner post-notice of the '766 patent, such infringement is necessarily willful and deliberate. Plaintiff believes and contends that Panasonic's continuance of its clear and inexcusable infringement of the '766 patent post notice is willful, wanton, malicious, bad-faith, deliberate, and/or consciously wrongful.

**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

56. On account of the foregoing, Plaintiff contends such activities by Panasonic qualify this as an egregious case of misconduct beyond typical infringement, entitling Plaintiff to enhanced damages. Including based on the foregoing, Plaintiff hereby respectfully requests an award of enhanced damages, including treble damages, pursuant to 35 U.S.C. § 285 and 28 U.S.C. § 1927.

57. Each of Panasonic's aforesaid activities have been without authority and/or license from Plaintiff.

## COUNT IV – INFRINGEMENT OF U.S. PATENT NO. 8,898,260

58. Plaintiff refers to and incorporates herein the allegations in the above paragraphs.

59. United States Patent No. 8,898,260 (the "'260 Patent") was duly and legally issued by the USPTO after a full and examination presumed to be thorough.

60. Panasonic makes, uses, offers for sale, and/or sells, and/or induces others to use, the claimed methods of the '260 Patent.

61. Panasonic has infringed, and is now infringing, the '260 Patent, including at least claim 1, in this judicial district, and elsewhere, in violation of 35 U.S.C. § 271. *See* **Exhibit 4– U.S. 8,898,260 Patent Infringement Charts.**

62. Panasonic has practiced the accused methods of the '260 patent at least through Panasonic's efforts to test, demonstrate, and otherwise use the Accused Instrumentalities.

63. Additionally, or in the alternative, Panasonic has infringed, and now infringing, the '260 Patent in this judicial district, including by jointly with its end users and/or customers, by and through the use of the Accused Instrumentalities. Panasonic's infringement comprises joint performance of the claimed methods by Panasonic and/or its member. Further, Panasonic conditions receipt of the benefits of the use of the patented technology.

64. Panasonic has had notice of the '260 patent through at least one prior lawsuit Panasonic had with Cellspin.

**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

65. In or about 2008, Cellspin and Panasonic had discussions about the technology at issue in '260 patent. Panasonic refused to sign an NDA with Cellspin's CEO, who met with Panasonic's agents about the then pending patent application technology, notwithstanding the NDA knowing he had patent protection guaranteed (if and when) the USPTO ultimately issued the '260 patent. Panasonic listened to Cellspin's pitch but did not enter into any agreement going forward with Cellspin. Then, Panasonic implemented Cellspin's technology (now patented) without first obtaining a license from Cellspin.

66. To the extent Panasonic continues, and has continued, its infringing activities noted above in an infringing manner post-notice of the '260 patent, such infringement is necessarily willful and deliberate. Plaintiff believes and contends that Panasonic's continuance of its clear and inexcusable infringement of the '260 patent post notice is willful, wanton, malicious, bad-faith, deliberate, and/or consciously wrongful.

67. On account of the foregoing, Plaintiff contends such activities by Panasonic qualify this as an egregious case of misconduct beyond typical infringement, entitling Plaintiff to enhanced damages. Including based on the foregoing, Plaintiff hereby respectfully requests an award of enhanced damages, including treble damages, pursuant to 35 U.S.C. § 285 and 28 U.S.C. § 1927.

68. Each of Panasonic's aforesaid activities have been without authority and/or license from Plaintiff.

## COUNT V – INFRINGEMENT OF U.S. PATENT NO. 8,862,757

69. Plaintiff refers to and incorporates herein the allegations in the above paragraphs.

70. United States Patent No. 8,862,757 (the "'757 Patent") was duly and legally issued by the USPTO after a full and examination presumed to be thorough.

71. Panasonic makes, uses, offers for sale, and/or sells, and/or induces others to use, the claimed methods of the '757 Patent.

ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

72. Panasonic has infringed, and is now infringing, the '757 Patent, including at least claim 1, in this judicial district, and elsewhere, in violation of 35 U.S.C. § 271. *See* **Exhibit 5– U.S. 8,862,757 Patent Infringement Charts.**

73. Panasonic has practiced the accused methods of the '757 patent at least through Panasonic's efforts to test, demonstrate, and otherwise use the Accused Instrumentalities.

74. Additionally, or in the alternative, Panasonic has infringed, and now infringing, the '757 Patent in this judicial district, including by jointly with its end users and/or customers, by and through the use of the Accused Instrumentalities. Panasonic's infringement comprises joint performance of the claimed methods by Panasonic and/or its member. Further, Panasonic conditions receipt of the benefits of the use of the patented technology.

75. Panasonic has had notice of the '757 patent through at least one prior lawsuit Panasonic had with Cellspin.

76. In or about 2008, Cellspin and Panasonic had discussions about the technology at issue in '757 patent. Panasonic refused to sign an NDA with Cellspin's CEO, who met with Panasonic's agents about the then pending patent application technology, notwithstanding the NDA knowing he had patent protection guaranteed (if and when) the USPTO ultimately issued the '757 patent. Panasonic listened to Cellspin's pitch but did not enter into any agreement going forward with Cellspin. Then, Panasonic implemented Cellspin's technology (now patented) without first obtaining a license from Cellspin.

77. To the extent Panasonic continues, and has continued, its infringing activities noted above in an infringing manner post-notice of the '757 patent, such infringement is necessarily willful and deliberate. Plaintiff believes and contends that Panasonic's continuance of its clear and inexcusable infringement of the '757 patent post notice is willful, wanton, malicious, bad-faith, deliberate, and/or consciously wrongful.

ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

78. On account of the foregoing, Plaintiff contends such activities by Panasonic qualify this as an egregious case of misconduct beyond typical infringement, entitling Plaintiff to enhanced damages. Including based on the foregoing, Plaintiff hereby respectfully requests an award of enhanced damages, including treble damages, pursuant to 35 U.S.C. § 285 and 28 U.S.C. § 1927.

79. Each of Panasonic's aforesaid activities have been without authority and/or license from Plaintiff.


### COUNT VI – INFRINGEMENT OF U.S. PATENT NO. 8,756,336

1. Plaintiff refers to and incorporates herein the allegations in the above paragraphs.

2. United States Patent No. 8,756,336 (the "'336 Patent") was duly and legally issued by the USPTO after a full and examination presumed to be thorough.

3. Panasonic makes, uses, offers for sale, and/or sells, and/or induces others to use, the claimed methods of the '336 Patent.

4. Panasonic has infringed, and is now infringing, the '336 Patent, including at least claim 1, in this judicial district, and elsewhere, in violation of 35 U.S.C. § 271. *See* **Exhibit 6 – U.S. 8,756,336 Patent Infringement Charts.**

5. Panasonic has practiced the accused methods of the '336 patent at least through Panasonic's efforts to test, demonstrate, and otherwise use the Accused Instrumentalities.

6. Additionally, or in the alternative, Panasonic has infringed, and now infringing, the '336 Patent in this judicial district, including by jointly with its end users and/or customers, by and through the use of the Accused Instrumentalities. Panasonic's infringement comprises joint performance of the claimed methods by Panasonic and/or its member. Further, Panasonic conditions receipt of the benefits of the use of the patented technology.

**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

7. Panasonic has had notice of the '336 patent through at least one prior lawsuit Panasonic had with Cellspin.

8. In or about 2008, Cellspin and Panasonic had discussions about the technology at issue in '336 patent. Panasonic refused to sign an NDA with Cellspin's CEO, who met with Panasonic's agents about the then pending patent application technology, notwithstanding the NDA knowing he had patent protection guaranteed (if and when) the USPTO ultimately issued the '336 patent. Panasonic listened to Cellspin's pitch but did not enter into any agreement going forward with Cellspin. Then, Panasonic implemented Cellspin's technology (now patented) without first obtaining a license from Cellspin.

9. To the extent Panasonic continues, and has continued, its infringing activities noted above in an infringing manner post-notice of the '336 patent, such infringement is necessarily willful and deliberate. Plaintiff believes and contends that Panasonic's continuance of its clear and inexcusable infringement of the '336 patent post notice is willful, wanton, malicious, bad-faith, deliberate, and/or consciously wrongful.

10. On account of the foregoing, Plaintiff contends such activities by Panasonic qualify this as an egregious case of misconduct beyond typical infringement, entitling Plaintiff to enhanced damages. Including based on the foregoing, Plaintiff hereby respectfully requests an award of enhanced damages, including treble damages, pursuant to 35 U.S.C. § 285 and 28 U.S.C. § 1927.

11. Each of Panasonic's aforesaid activities have been without authority and/or license from Plaintiff.

## PRAYER FOR RELIEF

12. By way of its infringing activities, Panasonic has caused, and continues to cause, Plaintiff to suffer damages, and Plaintiff is entitled to recover from Panasonic the damages sustained by Plaintiff as a result of Panasonic's wrongful

**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

13. Panasonic's infringement of Plaintiff's rights under the patents-in-suit will continue to damage Plaintiff, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

14. Plaintiff also requests that the Court make a finding that this is an exceptional case entitling Plaintiff to recover their attorneys' fees and costs pursuant to 35 U.S.C. § 285.

## JURY DEMAND

15. Plaintiff hereby requests a trial by jury including pursuant to Rule 38 of the Federal Rules of Civil Procedure on all issues so triable.

**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

Dated:  May 22, 2023                    Respectfully Submitted

                                        */s/ Randall Garteiser*
                                        Randall Garteiser
                                          Texas Bar No. 24038912
                                          rgarteiser@ghiplaw.com
                                        Christopher A. Honea
                                          Texas Bar No. 24059967
                                          chonea@ghiplaw.com
                                        René A. Vazquez
                                          Virginia Bar No. 41988
                                          rvazquez@ghiplaw.com
                                        M. Scott Fuller
                                          Texas Bar No. 24036607
                                          sfuller@ghiplaw.com

                                        **GARTEISER HONEA, PLLC**
                                        119 W. Ferguson Street
                                        Tyler, Texas 75702
                                        Telephone: (903) 705-7420
                                        Facsimile: (903) 284-5200

                                        **ATTORNEYS FOR PLAINTIFF**

ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT